Attorney, please call the case. I'm calling on behalf of 2977 Swickley, LLC, Chicago Title Land Trust Co. et al. Good morning, Your Honor. I'm Bob Nitz, M-I-N-E-T-Z. I represent the Defendants Appellants. Good morning. Noah Weininger, representing the FLE, Swickley, LLC. I'm sorry, your name again?  Weininger, thank you. You're not in the brief, Mr. Weininger. Is that right? That's right. Okay. Each side is 15 minutes. How do you spell your name? It's W-E-I-N-I-N-G-E-R. First name is Noah, N-O-A-H. Well, each side is 15 minutes. It's an interesting case. It's the flavor of the month for the last four years. We have a lot of these. We don't look at our watches, but we'd appreciate it if you'd move it along. And so any time you're ready, Mr. Meines. I would like to reserve five minutes for rebuttal. Of course. If it pleases the Court, Counsel, as I said, I represent the Defendants Appellants. It's our position that there are at least four reasons why the trial court's order should be reversed. First, when First Bank made its credit bid, it had nothing to bid because it had already assigned all of its right title and interest to the judgment. Two, the sale should not have been approved because the sale price was unconscionable. Three, the sale should not have been approved because justice was not done, contrary to the statutory requirement. And four, service on the defendants based on the general order was invalid, and therefore the court never had jurisdiction over the defendants. It's our position that the Chief Judge of the Chancery Division of the Circuit Court of Cook County does not have the authority to amend a state statute. So last, you were kind enough to mention Ziz, which I was on, and it's been followed again by the First Division and other reported opinion. Why are we wrong? One, you're wrong primarily because you did not follow Danoff, which is the Illinois Supreme Court's decision, which is the case most clearly on point. And it's a Supreme Court decision, and I don't have to say to you that the appellate court should follow the Supreme Court's decision. Two, the reliance on Pronger and O'Connell. Pronger deals with a state statute and the amendment of a state statute. And I submit that if you read the analysis in Pronger, as I say in my reply brief, it actually helps our position. Because the right way to do this, if indeed there is a mortgage foreclosure problem, the right way to do it is to have the statute amended. And that was the procedure followed in the Pronger case. The O'Connell case, which was also relied upon in the Ziz opinion, didn't deal with a conflict between a general order by a presiding judge of a circuit court. It dealt with the age-old conflict between a Supreme Court rule and a statute. In addition, I believe that Ziz is inconsistent with Schorch, Kinsley, and the Brazen cases, and those are the reasons why I suggest that it was wrongly decided. Very good. I think I would also like to stay on this point, though, because sometimes we get so involved with the intricacies of any particular case and the facts, what happens is we don't do the most basic things, that we're all taught in law school. So in preparing for our argument, I decided I should probably read the rule that the plaintiff relies upon, which is 5.1-104B. What does it state? Circuit and appellate courts may make rules governing their dockets, calendars, and business. Okay. Well, the general order by Judge Kennard does not deal with dockets, calendars, and business. It's also interesting that the plaintiff relies upon 5.1-104B but does not refer to 5.1-104A. 5.1-104A says, The Supreme Court of this State has power to make rules of pleading, practice, and procedure for the Circuit, Appellate, and Supreme Courts supplementary to, but not inconsistent with, the provisions of this Act. So if the Supreme Court cannot make a rule inconsistent with the provisions of the State statute, I submit that the Chief Judge of the Chancery Division of the Circuit Court should not be allowed to make such a rule. Counsel, can I ask you, what's the inconsistency, though? What's inconsistent about it, the effect of the rule? Well, because the statute requires a notice of motion, an order to be entered in each case, and specifically provides the court, in its discretion, may appoint a special processor. In this case, the court never exercised discretion. Could you say the rule is an exercise of discretion? No. I'm saying the rule contradicts the statute by allowing a blanket appointment as opposed to individual appointments. The statute requires the court to exercise its discretion. The rule takes away the authority of the court to exercise its discretion in each and every case. I'm saying the rule is an exercise of discretion.  I'm saying the rule contradicts the statute by allowing the court to exercise its discretion in each and every case. Quite simply, we're saying is that the problem should have been solved by amending the statute. When there was a problem that required service of process by special orders. So while the word is used in pronger, it talks about procedure. Let's go back to that. Let's say they didn't have jurisdiction. Your client is, when is the last time he made a mortgage payment? A long time ago. Okay. And so let's, if he had a do-over and he gets to delay this, as it's been delayed now for, what, four years, is he going to make a mortgage payment? I'll certainly address that if he gets the opportunity. Okay. I mean, in a perfect world, he would pay off the loan. In a less than perfect world, he'd at least make a bid more than $300,000. Could he have done that? Could somebody have bid more than $300,000? Certainly somebody could have made a bid of more than $300,000. And nobody did, did they? That is absolutely correct. Nobody else did. Okay. So do you want to go to that? How is that unconscionable then since nobody wanted to bid on that property for more than $300,000? Why is that then unconscionable since that is what that real estate, by definition, I'd suggest, is worth? Because the record indicates that the loan amount was $975,000. The loan balance was $934,000. The appraised value as of May 2011 was $1,450,000. Well, now, when? May 4th, 2011. Okay. And that was filed, that was a two-page document attached to a motion to extend time, a motion for continuance, is that right? That's how it was handled. Okay. Where are the other 88 pages, at least? I assume it's in my prior counsel's file as to why he didn't file the whole thing. I have no excuse, but I do want to point out that it's interesting to note that in all the briefs, there is no attempt to explain why $300,000 is reasonable. There's no attempt to say that there's any basis in this record for a $300,000 bid. Do they have to give you an explanation? Do they have to give the court an explanation if that's the only bid that's offered? Is there a requirement that they offer an explanation other than the fact that you don't like the bid? Is there a requirement that they offer an explanation? There's a requirement under the law. The statute requires the court to make a determination whether or not the bid is conscionable, is just. And the court made such a finding, did it not? Well, the court approved the sale. Yeah. So inherently the court made such a finding. Correct. But it made the finding in the absence of any explanation by anybody as to why the $300,000 is reasonable. Back to my question, though. Is the court required to give an explanation as to why they're making that finding? I believe under the Resolution Trust case, the court's required to hold a hearing whereby both sides present their evidence, whatever it may be, that the amount of the bid is conscionable and just. Did you file a motion raising this as an issue that the court needed to hold a hearing on? Was there such a motion filed? In the final motion, it asked that the order be vacated. The appraisal was part of it, and therefore they asked that the order of sale be vacated. My question is much more narrow than that, counsel, because the salient point of your argument is that this was an unconscionable amount of money. So it seems to me that if it was unconscionable now, it was unconscionable back then. So was there a motion filed asking the court to hold a hearing to determine whether or not this was an appropriate bill? That's all I bid. That's all I'm asking. The motion filed on February 14, 2011, record C-318.322, specifically requested that the judicial sale conducted be deemed and hereby vacated. And at that point in time, following that is when the appraisal was followed, and then following that is when the appraisal was held. You're not answering my question. If this is an unconscionable sale that's unreasonable, one would expect that you would file a motion stating just that. This is unconscionable. It's unreasonable. Here is why I demand a hearing. Was that done? I believe it was on February 14, 2011. And how was it done? By the motion filed C-318 to C-322. By appending that real-page document to the motion for extension of time? Is that what you're referring to? Well, first we go to the motion, which is February 14, 2011. And that's the first motion. That's the motion that asks that the judicial sale be vacated. Then a number of other motions were filed. And on May 10, part of the same motion practice, the appraisal was then filed. And then the Court finally, you know, finally rules thereafter. So the Court should read the appraisal and on its own motion determine that it was unconscionable and hold a hearing? Is that your argument? No. My argument is that we took the position it was unconscionable at that time in light of the appraisal. And at that point, the Court should have set it down for hearing and said Mr. Did you ask for a hearing? No. They asked that it be vacated. Counsel, what's the basis of that motion, though? It was after 30 days after the ruling on the sale, correct? I... I mean, it wasn't brought within 30 days of that order, the sale. Well, I need to... The sale was October 13, 2010, I believe, for judgment of foreclosure and sale. And the motion came February 14, 11. Well, the certificate, the sale was January 20, 2011. Well... On February 14, they filed their motion. All right. We can read the record. Thank you. On January 20, the plaintiff filed a motion for the order approving the report of sale, C-281. And on February 14, and I'm getting this from page 7 of the Blue Brief, there was a motion to vacate filed by your clients. It would seem to me that it was based on the due process, not on the evaluation at all, but lack of service and things which they had been complaining about for months. Right. They raised a number of issues. But was one of those issues, going back to Justice Cunningham's question, was one of those issues inadequacy of the $300,000 limit? Was it ever raised in the trial court until May when they came in with a two-pages of paper saying it was bad? Well, I don't see anything... And a motion to extend. Well, I don't see anything in the record where either they agreed to say that the sale price was fair or... And to the plaintiff, Justice Cunningham's question, is that we're obligated to only hold things where the loser agreed it was fair? Is that how this works in judicial sales? No. The trial court has the discretion and also the duty to make sure that the sale price is not unconscionable and that it is not unjust. In order to do that, once the appraisal was a matter of record, and once you compare the sale price with the loan amount and the judgment amount, clearly a bank was willing to say this property was worth $900,000. Several years earlier. Several years earlier. Because it's your client. And then my client continues to say it's worth a lot of money. At that point, the court has a duty, as I read the case law, Resolution Trust has a duty to hold a hearing. The court also has discretion to see the length of the hearing. You could have an evidentiary hearing. You could have cross-appraisals. You can do a lot of things. But in light of the glowing inaccuracy of the sale price, the court should have had a hearing. And that's why we're simply asking on that issue, did the court hold a hearing? Could I lose that? Sure, I could. Could the court hold that for some reason because of the current economic climate it's $300,000? Maybe a court could so hold. This court already held that, I think. That's what we're ruling on, too, supposed to rule on in today's oral argument, is he held it was conscionable. Or he held it was okay. He approved it. He approved it without holding a hearing. We're saying he can only approve it in this factual situation if, indeed, he holds a hearing. And I asked you whether or not you had asked for a hearing. And you gave me a very circuitous answer, which wasn't really an answer. And then I asked whether the court is required to sua sponte hold a hearing. And I didn't get an answer to that question either. So I'm asking it again. I mean, you know, we have to write something. If you want us to rule in your favor, we have to write something. And it has to make sense. And it has to be procedurally in sync with whatever Illinois law says we should be doing. So procedurally, these procedural things seem inconsequential, but they're really important. So I am asking you, procedurally, was there a motion for a hearing on the reasonableness of this sale price? And I didn't get an answer to that. That's what I'm asking. I mean, was there? The motion I can only refer to is February 14th, 2011. Okay. When counsel would refer to it. No, because that was appended to something else. It was not a. So the next question is, is the court required to sua sponte hold a hearing on an amount that the court clearly, in this case, thought was reasonable because the court approved the sale? And so I think we can infer from that that the court thought that this was a reasonable amount. If the court thinks it's reasonable, are they required to just hold the sale to confirm what they already believe? In this factual situation, it's our position they should have held a hearing to determine if it was reasonable. Because there's three pieces of evidence contrary to the $300,000 bid price. Three pieces? The amount of the original sale, the amount of the indebtedness, and the appraisal. But, again, the appraisal is not filed. Again, the two pages of the at least 90-page document is not filed until four months, almost four months after the approval of the sale. Precision, how do you get in it? Why on earth would we consider that? They cite a bunch of cases. Well, it's part of the record on appeal. I mean, the record, it's there. Should it have been better? Of course. But we have the record to deal with as it is, and we now have an appraisal. Is that what that is, a two-page document out of 90 that we should consider that? Yes. Okay. Because it's the only record before the court. Remember, the plaintiff had the opportunity to file a counterappraisal. The plaintiff did not file a counterappraisal. The plaintiff filed nothing to support the $300,000 bid. They said the property is worth $300,000. That was their bid. But they didn't file an appraisal. They filed nothing to back it up, and they've given no explanation. But the final point I want to address just briefly is this question of how could First Bank ever bid when they had nothing to bid? A clear reading of the assignment says, we hereby assign all of our right, title, and interest. Before First Bank placed its bid at the sale, it had given up all of its right, title, and interest. I submit, if for no other reason, the judgment should be reversed on that ground because it had nothing to bid. That's the most fundamental principle of the law of assignments. Thank you very much. Thank you. Mr. Weininger. May it please the Court. I'd like to start with this issue of the general administrative order that the appellants complain of. I think this issue has been complicated a little more than it needs to be by the appellants. They raise several issues with several cases regarding Mr. Weininger, are you from the same law firm that the brief is from? Yes. Yes, Your Honor. Go ahead. Several of the cases raised are simply not applicable here regarding the effect of service of process when a process server has not been appointed at all and the effect of not having jurisdiction over a defendant that orders are void. I think the main issue here, and there does not, at least from the brief, seem to be any argument that the authority of the court to enter the general administrative order, that there was no such authority here, between the Constitution, Rule 104B and Rule 21C, or excuse me, Section 104B, and Rule 21C gives that authority to the chief judge to enter general orders regarding the dockets, calendars, and business, and the chief judge can delegate that authority to the presiding judge, as was done here, and the presiding judge entered the order. I think the issue that the appellants raise is that this rule violates the statute, the Section 202A, regarding service in that it affects the substance of rights or adds some burdens, substantial burdens on litigants. And that's where priority comes in. First of all, I think the general order doesn't conflict at all with the Section 202. It still requires a motion to be filed. It still requires the court to enter an order, and that's what was done here. That's what's done in all these cases. So I don't think there's any conflict at all. To the extent there is a conflict, this service is a manner of procedure. Courts can adopt rules regarding procedure and practice. Prager clearly states that the manner of service of process is procedural in nature. Now, the issue was slightly different there, but the ruling turned, turned on whether the manner of service was procedural, and the Supreme Court found as such. There was not any effort by the appellants made to distinguish this here or to argue why this should not apply or why it was inappropriate. There's nothing in the briefs to that extent. They merely mention that that authority exists. And I think clearly Prager applies service of process, the manner of service of process is procedural. There's no conflict between the GAO and the statute, and to the extent there is, this is a procedural matter that the court is authorized to make rules upon. With respect to the issues raised by the appellants as far as the sale, I think, first of all, it's important to mention the waiver argument. I don't think that's a throwaway. None of these questions were raised at all except in the motion for rehearing. The questions not raised before the trial court are waived on appeal, and questions raised for the first time in motion reconsider are waived. That's what was done here. Now, I acknowledge the court's jurisdiction to hear these arguments anyway. It's not a limitation on the court's jurisdiction. However, particularly with respect to the inadequacy of the price that the appellants complain of, it would certainly be improper for the appellants to attack the sufficiency of the price here when they didn't raise it in the trial court. Now, they say they raised it by bringing this appraisal, attaching a couple pages of the appraisal, which the court has recognized to a motion to extend time. The court set several hearings on the motion to confirm the sale, gave the defendant's appellant several opportunities to file a response, not a motion for extension of time. They were granted a motion for extension of time to file an actual response, which would have made those arguments about the inadequacy of the price, and they didn't do so. So there being no objection, the court confirmed the sale. Well, what about your opponent's argument that I take it to mean that it was per se unconscionable because it was so low when compared to the loan amount, the amount, the sale price, and the appraisal that they filed along with their motion for extension of time? Well, first of all, I think Illinois law is clear that the mere inadequacy of the price is not a basis to deny confirmation of a sale. There has to be something else. That's first. Second of all, this goes to the waiver argument, and the Wilcox case cited in our brief, that we weren't given an opportunity, the appellee was not given the opportunity to refute these arguments of inadequacy of price. This is a factual issue. There are many reasons why a sale price could be lower than the loan amount or even the appraised value. What about your opponent's argument that the appending of the appraisal document to the motion should have been enough to alert the judge, and I guess presumably you, that the amount was inadequate and they thought it was an inadequate amount. Well, but there was nothing to respond to. That was there attached to a motion to extend time. The judge granted that motion to give them an opportunity to make the argument. They never made the argument, so there's still no opportunity for us to respond, and there was never an opportunity for us to respond, which is why the argument is waived. There is nothing in the record with regard to the status of the property taxes. There could be hundreds of thousands of dollars of unpaid property taxes. That would reduce the bid amount. There could be senior liens on the property. That could reduce the bid amount. The condition of the property could be in question. All of these issues go into the calculation of a plaintiff's bid. Counsel, can I ask you, pursuant to 15.508, it says no sale should be held invalid except upon good cause shown in a hearing pursuant to 15.508. Now, does that place a responsibility on the trial court? Does it mandate a hearing be held in each? I think, well, it depends on your definition of hearing. I think, first of all, the case cited by the appellants relied upon heavily resolutioned The statute does not intend to have the court hold a full-blown evidentiary hearing on every case. That's clearly not the intention of the statute. So a hearing, given the parties the opportunity to be heard, certainly should be had on every case. And that happened here. They had multiple opportunities to be heard. They were there. They did not voice this objection. And we were not allowed, not given the opportunity to refute any of these factual issues that may have come up, particularly with respect to the two-page appraisal attached to a motion to extend time. So, again, I think there's a clear argument that all of these issues were waived, or are waived on appeal based on the failure to raise them in the trial court. So what about the assignment issue? Well, there are a few components to that issue. First of all, I think the argument by the appellants here is completely opposite to their argument in the trial court. If you review the few motions that they did file, the motion for extension of time, the motion for rehearing, they acknowledge that Sir Wickley was the bidder at the sale. Their argument is different there that Sir Wickley didn't substitute first. That's not the issue that they've raised on appeal. They've now shifted their focus and said First Bank was the bidder. So I think when you're looking at this under the standard of review, the abuse of discretion standard of review that the trial court was operating under, and clearly that is the standard in reviewing a motion to approve a sale. The court was clearly under the impression, defendants acknowledged, our motion acknowledged the motion to substitute clearly attached the assignment, which makes clear the assignment took place before the sale, the actual assignment of the loan documents, the assignment of the judgment. The court taking all of this into consideration was operating, and the defendants, under the idea that Sir Wickley was the bidder at the sale. So the court couldn't have abused its discretion in determining that, under the argument that the appellants make here, because they didn't know about this argument. They weren't making the argument that First Bank bid. So is it waived? Well, it could be waived. That's not the argument that we're making. I think the argument that we're making is under the abuse of discretion standard, the court was viewing this in the light that Sir Wickley bid. The argument was different there, that the substitution hadn't taken place. That's no longer an issue here. The defendants haven't raised that. They've made the argument now that First Bank was the bidder. So under the abuse of discretion standard, you have to look at this that the trial court was under the impression, under the recognition of both parties that Sir Wickley bid. Now, even if that wasn't the case, we've cited to the Byrne case, which also references Section 1008A of the Code, that essentially says that the assineur could proceed under the name of the assinee, that clearly the action does not abate just based on the assignment. And that's what happened here. I mean, whether or not the name changed in the certificate of sale or the receipt of the sale documents was just a function of the court not having actually entered the order of substitution. But clearly the assignment had taken place. Sir Wickley had proceeded under that assignment in the First Bank name prior to the actual substitution. So whether or not you get to the point of the court's abuse of discretion, I don't think there's any issue under the Byrne case and Section 1008A that Sir Wickley was proceeding and could have proceeded under the First Bank name. The name in the certificate of sale, the receipt of sale, and the other sale documents is not relevant. This is a credit bid at a judicial sale. Is that any different than a judicial sale here? Is it true that anybody could have bid on this property, anybody who wanted to bid on it? Absolutely. This is an open auction. The selling officer or the plaintiff, typically the selling officer, calls out the initial bid, and anyone is open to bid. The plaintiff can continue to bid. And once the bidding stops, that's the sale price. So this was advertised as it's supposed to be. If the property is valued higher, anyone could have bid on it. And I think that's reflected in the case law, I think the savings and loan versus Doering case, that these forced sales don't realize necessarily the entire value. There's going to be a little bit of a discount sometimes, and that's partially for the reasons also that I've mentioned in our waiver argument. According to your opponent, though, this was a pretty big discount. Does that make a difference? Under the circumstances here, I don't think it does make a difference. Again, for the reasons that we don't know. We don't know the facts. The facts aren't in the record as to why this price is too low. Just on its face, I don't believe it is too low. It's not necessarily a definition of credit bid. Is it supposed to include the amount of the mortgage plus cost, or what's the definition of credit bid? And I think it's dictated by the terms of the judgment of foreclosure, but it is the amount due to the indebtedness due to the plaintiff plus interest and other costs incurred between the judgment and the sale. The judgment reflects the debt at that time. Then there's post-judgment interest and other costs, sale commission, for example. And those are reflected in the report of sale, anything that's additional. And that's the amount if the plaintiff chooses to bid more than that, they would have to bring actual money. I believe that that's – I'm sorry. Are they still there? Pardon me? Are they still there? Yeah, they're still there. Okay. Have you filed a motion in front of us to – let's say you prevail in front of us. What happens next? Eviction proceedings. Okay. And that's a separate proceeding. Is that right? Pardon me? Is that a separate proceeding? You need to file? Do you need to go back to court and file an eviction proceeding? Well, there are a few ways. We have a supplemental proceeding pending within the foreclosure since the stay was lifted here. If that's not successful, then, yeah, that would be a separate enforceable entry and detainer action. Okay. So respectfully, I ask that this Court affirm the trial court's ruling. Okay. Thank you. Thank you. Mr. Minitz, briefly. First of all, I want to make sure that the record is clear. The Judicial Sales Certificate of Sales says, whereupon First Bank, the plaintiff herein, offered and bid $300,000. That establishes as a matter of law that the bidder was First Bank. Counsel has now admitted First Bank was not the bidder. Well, if First Bank was the bidder according to the record, First Bank had nothing to bid. That bid was illegal. So that point I think we should be clear on. Two, in the priorities of when things happened, I want to point out that the appraisal, as short as it was, was filed on May 10th, 2011. However, the order approving sale was filed on June 17th, 2011. So the appraisal. For which we don't have a transcript. Is that right? There is neither a transcript nor a report of proceedings. And whose requirement is that? Whose obligation is it to have court reporters show up with these things and give us a record about what occurred in June? My predecessor should have done that. Sure should have. The next thing I want to point out is that when I was discussing earlier, as we look at Rules 104A and B, the rules that purport to give Judge Kennard authority, there was no retort as to why those rules gave her that authority. And the reason for that is because those rules do not give her that authority. And in fact, 104A specifically says even the Illinois Supreme Court does not have that authority. My final point in answer to Justice Cunningham's question regarding sale price, if we go back again to the Resolution Trust case, it points out that the Illinois Supreme Court, even before the 1987 amendment, held that the courts have discretion to approve a judicial sale where the amount bid is grossly inadequate. And prior to the 1987 amendment, courts held that mere inadequacy of price was not enough. Counsel ignores that that was pre-1987, and now once there's a question of fact as to whether or not the price is reasonable or unreasonable, I submit the law requires that an appropriate hearing be held by the trial judge. And your argument is there's a question of fact even though nobody raises it as a question of fact? The record was before the court. I can't say it wasn't raised. I wasn't there. I assume it was raised. But again, the record does not reflect. I don't have. I don't have a record to rely upon. Well, it does not, the order approving sale doesn't say without objection. It does not say having considered both sides. It doesn't say what it should say. But my clients have been deprived of valuable rights, and we're asking that an appropriate order be entered so they can exercise those rights. And then the trial court will have the discretion with the appropriate record to do what needs to be done in this case. Thank you very much. I have a question that goes back to, you know, procedurally, it seems like this case went on for a really long time. And you're asking us to do lots of things that you had, it seems to me, a lot of opportunity to do in the trial court. Why wasn't this stuff done before it got to this? I mean, you say that you're a predecessor, but the reason that we're asking you is because you're the only one here. So you're the only one we can ask. I'm the one who has the duty to answer the questions. This case went on for a very long time. It went on for a very long time for a number of reasons. One simply, as I believe Justice Quinn said earlier, is what's going on in the foreclosure courts. These are very high-volume courts. It's difficult to get time periods. But if you go through this entire record, the plaintiff bears as much of a burden of the problems as the defendants. At least twice, I point out, they call this residential property. They wouldn't even tell them the judge was a restaurant. They never tell the court, for example, that the Lincoln Restaurant is the tenant. Who do they get evicted? The guarantors on the note. So is this record perfect? No. Do my claims bear some of the blame? But they said that John Athens is an officer of that restaurant corporation. Is that right? It's page 500 for you. It doesn't matter.  So you needed to evict the tenant. But was John Athens an officer of the tenant? I'd have to double-check. I assume if they said that's what the state record is, fine. But you don't evict an officer. If a tenant, an in-law corporation has a lease, you have to have an eviction against the tenant. My question is a little bit more narrow. It has to do with the procedural. As I said a few minutes ago, procedurally, these procedural things seem really unimportant, but they're really important. It keeps us orderly. And the lawyers are required to follow the procedural steps as well. And I would submit to you that in this case, in the court below, many procedural steps were not followed. And so it is very difficult retrospectively for us to fix something where procedural steps were not followed. And that's the bottom line. We have to write something, and it has to make sense. It has to make sense procedurally. And there were a lot of procedural missteps in this case that went on for an interminably long time when things that should have been raised were not raised. So I'm not sure that we're in a position to do what you're asking us to do procedurally, which is why I was asking these questions, not to put you on the spot. Well, I'm supposed to be put on the spot, as I said before. And that's why the first thing I said in my rebuttal was that it's important that the matters of the record were in the record prior to the June 14, 2011, order, which is the order confirming the sale. You know, this reminds me of something that Justice Scalia said with respect to, you know, it's all in there. Well, yes, but the court has you, the lawyers have a responsibility to point these things out to the court. I believe that that is true. What you're saying is that it's in the record, so it's the judge's responsibility to go on a treasure hunt and find this stuff himself. And then Sua Sponte said at hearing, I do not believe that that was the law, sir. Well, I believe first it was in the record on the day of the hearing, and it was also in the record on the motion for reconsideration, which again refers to the issue of the bid and the issue of the appraisal and the validity of this particular judicial sale and whether or not this court should have approved this judicial sale in this case under those circumstances. Thank you. Thank you. This case will be taken under advisement and this court will be adjourned.